■ In the Matter of the Claim of LE ROY MURPHY, Respondent, against OLEAN TILE COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant stopped work on April 6, 1956, due to a silicosis condition. He had worked for the employer herein since 1927 and it is admitted that from 1927 to 1947 he was exposed to silica dust. The employer had been aware of the silicosis since 1946. In 1947 the claimant was transferred to a job in which he was not exposed to dust with the possible exception of the last four weeks in which he worked. Medical testimony was presented which related the silicosis to the exposure to dust between 1927 and 1947. The appellants controverted the claim on the ground that the disablement had not occurred within two years after the last injurious exposure under section 44-a of the Workmen's Compensation Law. The Referee, on July 2, 1957, found an occupational disease, set the date of disablement as April 6, 1956, made an award, and held the carrier entitled to reimbursement after 260 weeks from the Special Fund. On December 17, 1957 the board rescinded the Referee's decision and sent the case back for development on the question of whether there was exposure to dust during the last four weeks of the claimant's employment. Thereafter the claimant and a co-worker testified that he had been exposed to dust from March 5, 1956 to April 6, 1956 and the Referee, on July 23, 1958, reinstated his original decision. On review the board affirmed. The appellants contend that there was no competent medical evidence relating claimant's condition to his exposure during the last four weeks of his employment. The respondent contends that there was substantial evidence of harmful exposure at that time and additionally that the amendment to section 44-a effective July 1, 1957 applies to this case. The amendment to section 44-a, provides that when the employee is transferred from injurious exposure to noninjurious exposure the claim is compensable if disablement occurs at any time during the continued employment or two years thereafter. This court has recently held in a similar situation that the amendment to section 44-a is to be given retroactive effect and applies to cases which were open and pending at its effective date — July 1, 1957 (*Matter of Mlodozeniec* v. *Worthington Corp.*, 9 A D 2d 21). In that case the claimant was transferred to noninjurious exposure in 1946, the date of disablement was in 1953, the case was still open in 1957 and the court held that the amendment applied. In any event, there was substantial evidence of claimant's exposure to dust during the period from March 5, 1956 to April 6, 1956 and the date of disablement was correctly set as April 6, 1956. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of DAVID SCHULMAN et al., Respondents, against J. BURCH McMORRAN, as Superintendent of the New York State Department of Public Works, Appellant.— Motion to resettle the order made herein so as to conform to the decision by indicating as the decision provides " that the merits were not considered, and the sole ground for reversal is that Article 78 is not a proper remedy, other relief being available." Motion granted, by consent, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of EDITH L. JAEGER, Respondent, against BAY SHORE TRAILER PARK, INC., et al., Appellants. WORKMEN'S COMPENSATION Board, Respondent.— Appeal dismissed, without costs, as premature. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.